# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER; AMERICAN GATEWAYS; AND THE COUNTY OF EL PASO, TEXAS, <br><br> *Plaintiffs,* <br><br> v. <br><br> STEVEN C. MCCRAW, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE STATE OF TEXAS DEPARTMENT OF PUBLIC SAFETY, AND BILL D. HICKS, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR THE 34TH DISTRICT, <br><br> *Defendants.* | CIVIL ACTION NO. 1:23-CV-1537-DII |

### DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE

The crisis at the Texas-Mexico border continues to endanger Texans and aliens alike. The unprecedented levels of illegal border crossings have created an extreme risk to the State of Texas in the form of human trafficking, black market fentanyl distribution, cartel violence, and loss of life across border communities. While Texas has attempted to do whatever it can to aid the United States Border Patrol, the State has been met with resistance. *See, e.g.*, *United States v. Abbott, et al.*, No. 1:23-cv-00853-DAE (W.D. Tex. July 24, 2023); *see also Texas v. DHS*, No. DR-23-CV-00055-AM (W.D. Tex. October 24, 2023). As recently as September 20, 2023, Border Patrol, at one illegal crossing hotspot, cut Texas's concertina-wire fence to allow 4,555 aliens to cross the border into the United States, yet accounted for only 2,680 of them. *See Texas v. DHS,* No. DR-23-CV-00055-AM, 2023 WL 8285223, at*5 (W.D. Tex. October 24, 2023) (Moses, C.J.).  In response to the mass influx of aliens, and life-threatening conditions that have resulted, the Texas Legislature passed Senate Bill 4 (88th Leg. (4th Special Session)) ("S.B. 4"). S.B. 4 seeks to deter aliens from illegally crossing the border by making an illegal crossing a state crime.

1

S.B. 4 is now the subject of two separate lawsuits, each seeking to have the law declared unconstitutional and its enforcement enjoined. This lawsuit was filed on December 19, 2023. *See* ECF No. 1, Compl. for Declaratory and Injunctive Relief. Then, the United States filed a lawsuit in this Court on January 3, 2024. *See United States v. Texas, et al.*, No. 1:24-cv-00008-RP (W.D. Tex. Jan. 3, 2024); Ex. A (United States' Complaint). The facts and legal issues in both cases overlap extensively. The plaintiffs in both cases claim that S.B. 4 is unconstitutional and argue that it is preempted by federal law. *See* ECF No. 1 at 18; Ex. A at 13–16. However, neither set of plaintiffs opposes consolidation. Accordingly, Defendants respectfully move this Court to consolidate *United States v. Texas*, No. 1:24-cv-00008-RP (W.D. Tex. Jan. 3, 2024) with this case, pursuant to Federal Rule of Civil Procedure 42.

## BACKGROUND

On December 18, 2023, Governor Abbott signed S.B. 4 into law, adding Chapter 5G to the Texas Code of Criminal Procedure and Chapter 51 to the Texas Penal Code. [1] This new law makes it a state crime, with state penalties, for an illegal alien to unlawfully enter or re-enter Texas. *Id.* Governor Abbott signed S.B. 4 into law to "help stop the tidal wave of illegal entry into Texas, add additional funding to build more border wall, and crackdown on human smuggling." [2]

On December 19, 2023, Las Americas Immigrant Advocacy Center, American Gateways, and the County of El Paso, Texas (collectively, "Las Americas Plaintiffs") challenged S.B. 4 by filing suit against Steven C. McCraw in his official capacity as Director of the State of Texas Department of Public Safety, and Bill D. Hicks in his official capacity as a District Attorney for the

---

[1] S.B. 4, as enacted, is available at Texas Legislature Online, https://capitol.texas.gov/BillLookup/Text.aspx?LegSess=884&Bill=SB4 (last accessed Jan. 11, 2024).

[2] Press Release, Office of the Texas Governor, Governor Abbott Signs Historic Border Security Measures in Brownsville (Dec. 18, 2023), https://gov.texas.gov/news/post/governor-abbott-signs-historic-border-security-measures-in-brownsville (last accessed Jan. 11, 2024).

34th Judicial District of Texas (collectively, "State Defendants"). ECF No. 1 at 2–4. Las Americas Plaintiffs claim that State Defendants, through their power to "enforce" S.B. 4, violate the Supremacy Clause of the United States Constitution; they argue that federal law preempts S.B. 4 and that the federal government has exclusive authority to regulate the entry and removal of noncitizens. ECF No. 1 at 18.

On January 3, 2024, the United States filed a related suit in the Austin Division of the United States District Court for the Western District of Texas, in which it challenges the constitutionality of S.B. 4. *See* Ex. A. Like Las Americas Plaintiffs, the United States sued Steven C. McCraw, in his official capacity as Director of Texas Department of Public Safety, and also sued the State of Texas and Greg Abbott, in his official capacity as Governor of Texas. The United States similarly asserts that S.B. 4 violates the Supremacy Clause. Ex. A. And it likewise argues that the same federal statutes provide support for its claim that the federal government possesses exclusive authority to handle matters related to the entry and removal of aliens. Ex. A. at 13–17. While the United States purports to include a claim based on the Foreign Commerce Clause, it relies on the same facts and statute as its preemption claim. *Id.* at 16–17.

**ARGUMENT**

This Court should consolidate *United States v. Texas*, No. 1:24-cv-00008-RP (W.D. Tex. Jan. 4, 2024), with this case. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Fifth Circuit has long "urged" district judges "to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (cleaned up) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)).

As explained below, *see infra* Section I.C, these two cases involve many "common question[s] of law [and] fact." Fed. R. Civ. P. 42(a). Consolidation would therefore ensure both cases are handled expeditiously and "eliminate unnecessary repetition and confusion" between

3

potentially dueling dispositions.

### I. Under the five-factor test courts generally use, consolidation is appropriate.

Courts generally consider five factors to determine whether consolidation of cases is appropriate: "(1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy." *Casillas v. McDonough*, No. SA-22-cv-00959-JKP, 2023 WL 4356689, at *1 (W.D. Tex. June 30, 2023) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993) and *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015)).

Here, each factor weighs in favor of consolidation.

#### A. The two cases are pending in the same court.

The first factor weighs in favor of consolidation because the cases are pending in the same court—the United States District Court for the Western District of Texas. Indeed, both cases are currently pending in the same division of this District—*i.e.*, the Austin Division. This means that consolidation of these cases poses no threat of inconvenience to any of the plaintiffs and this first factor is satisfied. *Texas v. United States*, No. 6:21-cv-16, 2021 WL 3171958, at *2 (S.D. Tex. July 26, 2021) ("Courts have interpreted 'same court' as the same district.") (citing *Wharton v. U.S. Dep't of Hous. & Urban Dev.*, No. 2:19-cv-300, 2020 WL 6749943, at *2 (S.D. Tex. Mar. 3, 2020)); *cf. Needbasedapps, LLC v. Robbins Res. Int'l, Inc.*, 926 F. Supp. 2d 907, 915 (W.D. Tex. 2013) ("Had these actions both been filed in the same district, the Court has little doubt that they would have been consolidated").

#### B. The two cases involve substantially similar parties.

The second factor also weighs in favor of consolidation because the cases involve substantially similar parties. As party overlap increases, so too do the efficiencies gained through consolidation. *See, e.g.*, *Samataro v. Keller Williams Realty, Inc.*, No. 1:21-cv-76, 2021 WL 3596303,

at *2–3 (W.D. Tex. Apr. 27, 2021) (noting common parties and ordering consolidation); *Raymond v. Invest Props., L.L.C.*, No. 5:20-cv-965, 2021 WL 725819, at *2–3 (W.D. Tex. Feb. 17, 2021) (same); *cf. Brown v. Fort Hood Fam. Hous. L.P.*, No. 5:20-cv-704, 2020 WL 10758046, at *2 (W.D. Tex. Sept. 25, 2020) (noting *no* common parties and denying consolidation). That is why this factor favors consolidation when the cases involve the same defendants. *See Wharton*, 2020 WL 6749943 at *2 (finding "the second factor satisfied because both cases involve the same four defendants").

Here, both cases name Steven C. McCraw in his official capacity as Director of the Texas Department of Public Safety as a Defendant. While this suit also names one additional governmental official as a Defendant, and the United States' suit names the State of Texas and Governor Abbott as Defendants, all named Defendants in both cases are officials or entities representing the State of Texas itself. Of course, the Plaintiffs in these two cases are different, but that is largely irrelevant for purposes of consolidation. After all, two separate cases will often be brought by two different plaintiffs—and yet courts consolidate such cases all the time. *See* 9A Wright & Miller, Fed. Prac. & Proc. Civ. § 2384 (3d ed. 2023).

**C. The two cases involve common legal and factual issues.**

The third factor weighs in favor of consolidation because the two cases present common legal and factual issues. As with the second factor, the efficiency gained by consolidation increases as the overlap of such issues increases. This is so because, where substantially similar cases are not consolidated, discovery and motion practice are "likely to be highly duplicative, which risks unnecessary costs and delay." *Dryshod Int'l, L.L.C., Haas Outdoors, Inc.*, No. 1:18-cv-596, 2019 WL 5149860, at *2 (W.D. Tex. Jan. 18, 2019); *see also Samataro*, 2021 WL 3596303, at *3. As explained above, both cases challenge the constitutionality of S.B. 4 as contrary to federal law. Any minor differences with respect to the phrasing of their respective preemption claims do not override the substantial similarity between the facts and legal issues in both lawsuits. What is of overriding importance is that the core issue—whether S.B.4 is preempted by federal law—is the same.

### D. Consolidation of the two cases poses no risk of confusion and would avoid risk of prejudice from inconsistent adjudications.

The fourth factor also weighs in favor of consolidation. This factor requires the Court to weigh the risk of confusion if the cases are consolidated against the risk and prejudice of inconsistent adjudications if they are not. On the one hand, if there is a jury, it may improperly blend the issues in a consolidated case. On the other, the same issue may be inconsistently decided in unconsolidated cases. *See, e.g.*, *Yeti Coolers, LLC v. Beavertail Prod., LLC*, No. 1-15-cv-415, 2015 WL 4759297, at *2 (W.D. Tex. Aug. 12, 2015) (Pitman, J.); *Lay v. Spectrum Clubs, Inc.*, No. 5:12-cv-754, 2013 WL 788080, at *2–3 (W.D. Tex. Mar. 1, 2013).

This factor weighs in favor of consolidation for two reasons. First, inconsistent adjudications would be especially prejudicial in these circumstances. The legality of S.B. 4 is the quintessential type of issue that "call[s] for a uniform result," and resolution of that question will not be aided by multiple decisions in the same division of the same district. *Yeti Coolers*, 2015 WL 4759297, at *1 (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)). If the Court in this case found Plaintiffs' claims meritless but the same court in the other case granted the United States an injunction based on a finding that those same claims were meritorious, what would a Texas Department of Public Safety officer do then? The common issues presented by these two cases must have only one answer: S.B. 4 is either valid, or it is not. The issues presented in these cases demand uniform resolution, and consolidation will help ensure that uniformity. The risk of prejudice in the event of inconsistent adjudications is thus high.

Second, consolidation poses no risk of confusion or prejudice to Plaintiffs—this Court may ensure there is no improper blending of the issues. And to the extent consolidation would pose any procedural confusion, it would be greatly outweighed by the parties' interest in reaching a consistent judgment.

### E. Consolidation of the two cases would be efficient.

The fifth and final factor—whether consolidation will conserve resources and promote judicial economy—weighs in favor of consolidation because these cases involve the same legal and

factual issues and will, therefore, proceed along the same procedural path.

Consolidation promotes judicial economy where the related cases will draw from the same witnesses or other sources of discovery, involve similar legal briefing, turn on similar issues of fact or law, or are otherwise able to efficiently proceed together. *See Frazier*, 980 F.2d at 1532; *Dryshod*, 2019 WL 5149860, at *2; *RTIC Drinkware, L.L.C. v. YETI Coolers, L.L.C.*, No. 1:16-cv-907, 2017 WL 5244173, at *3 (W.D. Tex. Jan. 18, 2017); *Lay*, 2013 WL 788080, at *3.

As explained above, each of these cases will determine whether S.B. 4 is contrary to federal law. The legal issues can and should be decided together. Further, if the cases proceed to discovery, the parties can avoid duplication of discovery matters and will no doubt rely on much the same evidence in subsequent motion practice or at trial. In short, all pertinent considerations indicate that these cases should be combined, and that consolidation will result in significant conservation of judicial resources.

### F.  Both cases are at an early stage.

Some courts also consider whether the cases are at similar stages of development, and this additional factor weighs in favor of consolidation here. Courts may find it efficient to consolidate cases that are both recently filed, or both ready for trial. By contrast, it is often inefficient to consolidate cases that are at starkly different stages in the litigation process. *See, e.g.*, *RTIC Drinkware, L.L.C.*, 2017 WL 5244173, at *3; *Lay*, 2013 WL 788080, at *3.

Here, both cases challenging S.B. 4 are at a very early stage in the litigation—indeed, the complaints in each case were filed just over two weeks apart. Neither case has involved an initial pre-trial conference, nor have the parties in either case conducted any discovery. And they are at an identical stage of litigation: Both sets of Plaintiffs field motions for preliminary injunction on the same day—January 12, 2024. Thus, consolidation at this early point in time is appropriate and does not pose any logistical concerns.

The pertinent factors overwhelmingly favor consolidation. Most importantly, both cases involve similar legal issues and facts; the legal issues must be decided uniformly; and consolidation

will ensure there are no inconsistent adjudications. Both cases are also before the same court, involve substantially similar parties, and are at a very early stage of litigation. Further, consolidation poses no risk of confusion and will greatly conserve judicial resources. For these reasons, the proper course is for the Court to consolidate both cases here.

## II.     Under the first-to-file rule, this Court decides the issue of consolidation.

Under the first-to-file rule, the court in which the last-filed related case is pending "may refuse to hear" that case. *See Yeti Coolers, LLC v. Beavertail Prods., LLC*, No. 1-15-cv-415, 2015 WL 4759297, at *1 (W.D. Tex. Aug. 12, 2015) (Pitman, J.). If indeed the two cases share a "substantial overlap," "the proper course of action is for the second-filed court to transfer the case to the first-filed court." *Id.* at *2 (cleaned up). "It is then the responsibility of the first-filed court to decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated." *Id.* (cleaned up) (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).

For the first-to-file rule to apply, the lawsuits do not have to be "identical," but rather need only "overlap on the substantive issues." *Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971). As explained above, *see supra* Section I.C, these two cases share substantial questions of law and fact. And this case was filed on December 19, 2023, before the United States filed its case on January 3, 2024.

The first-to-file rule "establishes which court may decide whether the second suit filed must be … consolidated." *Sutter*, 125 F.3d at 917. So it is this Court that must decide the question of consolidation.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court consolidate *United States v. Texas,* No. 1:24-cv-00008-RP (W.D. Tex. Jan. 4, 2024), into this action.

8

| | |
|---|---|
| Date: January 19, 2024 | Respectfully submitted. |

| | |
|---|---|
| **KEN PAXTON**<br>Attorney General | */s/Ryan D. Walters*<br>**RYAN D. WALTERS**<br>Chief, Special Litigation Division<br>Tex. State Bar No. 24105085 |
| **BRENT WEBSTER**<br>First Assistant Attorney General | |
| | **DAVID BRYANT**<br>Special Counsel<br>Tex. State Bar No. 03281500 |
| **GRANT DORFMAN**<br>Deputy First Assistant Attorney General | |
| **RALPH MOLINA**<br>Deputy Attorney General for Legal Strategy | **MUNERA AL-FUHAID**<br>Special Counsel<br>Tex. State Bar No. 24094501 |
| | **HEATHER L. DYER**<br>Special Counsel<br>Tex. State Bar No. 24123044 |
| **KIMBERLY GDULA**<br>Chief, General Litigation Division | |
| | **JACOB E. PRZADA**<br>Special Counsel<br>Tex. State Bar No. 24125371 |
| */s/Evan W. Weltge*<br>**EVAN W. WELTGE**<br>Tex. State Bar No. 24110523<br>Assistant District Attorney (deputized)<br>Assistant Attorney General | |
| | OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Ryan.Walters@oag.texas.gov<br>David.Bryant@oag.texas.gov<br>Munera.Al-fuhaid@oag.texas.gov<br>Heather.Dyer@oag.texas.gov<br>Jacob.Przada@oag.texas.gov |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2120<br>Evan.Weltge@oag.texas.gov | |
| **COUNSEL FOR DEFENDANT<br>BILL D. HICKS** | **COUNSEL FOR DEFENDANT<br>STEVEN C. MCCRAW** |

**CERTIFICATE OF CONFERENCE**

I certify that on January 19, 2024, I conferred with Anand Balakrishnan, counsel for Plaintiffs in the present case; and that on January 17, 2024, I conferred with Stephen Ehrlich, counsel for the plaintiff in *United States v. Texas, et al.*, No. 1:24-cv-00008-RP (W.D. Tex.). Both sets of plaintiffs indicated that they do not oppose this Motion.

*/s/Ryan D. Walters*
**RYAN D. WALTERS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 19, 2024 and that all counsel of record were served by CM/ECF.

*/s/Ryan D. Walters*
**RYAN D. WALTERS**