UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER; AMERICAN GATEWAYS; and THE COUNTY OF EL PASO, TEXAS,<br><br>*Plaintiffs*,<br><br>v.<br><br>FREEMAN F. MARTIN, et al.,<br><br>*Defendants*. | CASE NO. 1:23-cv-01537-DAE (LEAD CASE)<br><br>CONSOLIDATED WITH CASE NO. 1:24-CV-270-DAE |
| LA UNION DEL PUEBLO ENTERO, SARAH DOE, MARY DOE, JOHN DOE AND JAMES DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREGORY ABBOTT, et al.,<br><br>*Defendants*. | |

**PLAINTIFFS' UNOPPOSED MOTION TO HOLD MOTION TO DISMISS IN ABEYANCE**

Plaintiffs Las Americas Immigrant Advocacy Center, American Gateways, and the County of El Paso, Texas, respectfully move that the Court hold Defendant Freeman F. Martin's motion to dismiss in abeyance.

1

Plaintiffs conferred with the other parties to this litigation regarding this motion. Defendant Martin indicated that he has "no opposition to treating the pending motion to dismiss as subject to the stay of proceedings in the district court," such that the 14-day period to respond would run beginning when this Court lifts its stay. Defendant James Montoya takes no position on this motion. The plaintiffs in the consolidated action, *La Union Del Pueblo Entero v. Abbott*, 1:24-cv-270-DAE, consent to this motion and request the same relief.

1. This is a challenge to Texas's S.B. 4. The Court preliminarily enjoined S.B. 4, and the Fifth Circuit denied a stay pending appeal. *United States v. Texas*, 97 F.4th 268, 298 (5th Cir. 2024). That appeal remains pending.

2. On April 3, 2025, the Court held a status conference in this case, which was at that point consolidated with the parallel suit brought by the United States. *See* Tr., ECF No. 85, *United States v. Texas*, No. 24-cv-00008-DAE ("Tr."). The Court explained that it intended to lift the stay on proceedings in order to consolidate this case with another challenge to S.B. 4, *La Union Del Pueblo Entero v. Abbott*, 1:24-cv-270-DAE. *See* ECF No. 51 (consolidating cases). As the Court explained: "We're going to un-stay [the case] for purposes of consolidation, and then it's going to be re-stayed until we hear from [the] Fifth Circuit. So don't worry about having to go out and run around and do something." Tr. at 17:7-11. The Court indicated that it was not inclined to proceed with substantive briefing on the issues pending at the Fifth Circuit. *See id*. at 14:3-7 ("I don't want to put the parties through all of the machinations of getting all ready for trial and starting a trial or something, if we're going to get an order out of the Fifth Circuit that -- that plays some role in how we go forward.").

During the course of the hearing, Defendant Martin indicated that he had not yet filed an Answer. *Id*. at 18:20-21. The Court ordered that he "file an answer and any affirmative defenses

[he] might have" within 30 days, *id*. at 19:19-20, suggesting that the answer would be straightforward, *id*. at 22:17-18, and that there was no need to wait for the Fifth Circuit to rule in order to submit the Answer, *id*. at 19:21-24 ("If there is a ruling on the preliminary injunction in a way that would impact your answer, you could always apply to file an amended answer and I would be receptive to that."). The Court subsequently issued a written order directing Defendants to "answer the Complaint" within 30 days. ECF No. 49.

  3. On May 5, 2025, Defendant Martin filed a motion to dismiss. ECF No. 53. The issues Defendant Martin raised largely overlap with issues that have been raised in the still-pending appeal of the preliminary injunction. Among other things, Defendant Martin claims that Plaintiffs lack standing, echoing arguments he has pressed in the Fifth Circuit. *Compare id*. at 3-12 *with United States v. Texas*, No. 24-50149 (5th Cir.), ECF No. 87-1 at 13-16; ECF No. 193; ECF No. 250 at 10. Likewise, Defendant Martin's other arguments, including regarding the merits and cause of action, repeat arguments made to and pending before the Fifth Circuit. *Compare* ECF No. 53 at 14-19 with *Texas* (5th Cir.), ECF No. 87-1 at 16, 32-40; ECF No. 250 at 6-7.

  4. Plaintiffs respectfully submit that proceeding with briefing on the motion to dismiss is inconsistent with judicial economy and the Court's intentions as expressed at the April 3 status conference. As the Court indicated, it makes little sense to brief and decide issues currently pending before the Fifth Circuit in a motion to dismiss posture, as a decision from the Fifth Circuit—which could be issued at any time—will likely provide significant guidance if not control the disposition of many if not all of the arguments Defendant Martin advances in his motion. *See* Tr. at 13:21-22 (noting that "we have to wait until [the Fifth Circuit] rule[s], because [this Court is] stuck in the meantime"); *id*. at 14:3-7 (noting that the Court doesn't "want to put the parties through all of the machinations of getting all ready for trial . . . if we're going to get an order out

of the Fifth Circuit that . . . plays some role in how we go forward"). Accordingly, Plaintiffs request that the motion to dismiss be held in abeyance pending the Fifth Circuit's decision.

As noted above, Defendant Martin is amenable to treating the motion to dismiss as stayed, and the parties agree that Plaintiffs' response to the motion to dismiss would be due 14 days after this Court lifts its stay on further proceedings. Plaintiffs' understanding is that an order lifting the stay would follow the Fifth Circuit's disposition of the pending appeal and issuance of its mandate.

## CONCLUSION

The Court should hold the motion to dismiss in abeyance.

| | |
|---|---|
| Dated: May 12, 2025<br><br>David A. Donatti (TX Bar No. 24097612)<br>Adriana C. Piñon (TX Bar No. 24089768)<br>AMERICAN CIVIL LIBERTIES UNION OF TEXAS<br>P.O. Box 8306<br>Houston, TX 77288<br>Telephone: (713) 942-8146<br>Facsimile: (713) 942-8966<br>ddonatti@aclutx.org<br>apinon@aclutx.org<br><br>*For Plaintiffs Las Americas Immigrant Advocacy Center, American Gateways, and County of El Paso*<br><br>Erin D. Thorn (TX Bar No. 24093261)<br>Daniel Hatoum (TX Bar No. 24099136)<br>TEXAS CIVIL RIGHTS PROJECT<br>1017 W. Hackberry Ave.<br>Alamo, TX 78516<br>Telephone: (512) 474-5073, ext. 207<br>Facsimile: (956) 787-6348<br>daniel@texascivilrightsproject.org<br><br>*For Plaintiffs Las Americas Immigrant Advocacy Center and American Gateways*<br><br>Christina Sanchez<br>El Paso County Attorney<br>320 S. Campbell St., Suite 200<br>El Paso, Texas 79901<br>Tel: (915) 273-3247<br>ch.sanchez@epcounty.com<br><br>Bernardo Rafael Cruz, (TX Bar No. 24109774)<br>Assistant County Attorney<br>320 S. Campbell St., Suite 200<br>El Paso, Texas 79901<br>Tel: (915) 273-3247<br>b.cruz@epcounty.com<br><br>*For Plaintiff County of El Paso* | */s/ Cody Wofsy*<br>Cody Wofsy<br>Spencer Amdur<br>Hannah Steinberg<br>Morgan Russell<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT<br>425 California Street, 7thFloor<br>San Francisco, CA 94104<br>T: (415) 343-0770<br>F: (415) 395-0950<br>cwofsy@aclu.org<br>samdur@aclu.org<br>hsteinberg@aclu.org<br>mrussell@aclu.org<br><br>Anand Balakrishnan<br>Omar Jadwat<br>Lee Gelernt<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>T: (212) 549-2660<br>F: (212) 549-2654<br>abalakrishnan@aclu.org<br>ojadwat@aclu.org<br>lgelernt@aclu.org<br><br>*For Plaintiffs Las Americas Immigrant Advocacy Center, American Gateways, and County of El Paso* |

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I electronically filed the foregoing with the Clerk of Court by using the District Court CM/ECF system. A true and correct copy of this document has been served via the Court's CM/ECF system on all counsel of record.

<u>/s/ Cody Wofsy</u><br>
Cody Wofsy