IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER; AMERICAN GATEWAYS; and COUNTY OF EL PASO, TEXAS, | § § § § § § | No. 1:23-cv-01537-DAE (Lead) |
| *Plaintiffs*, | § § | |
| v. | § § | |
| FREEMAN F. MARTIN, in his official capacity as Director of Texas Department of Public Safety; and JAMES MONTOYA, in his official capacity as District Attorney for the 34th District, | § § § § § § § § | |
| *Defendants*. | § § | |
| LA UNION DEL PUEBLO ENTERO, SARAH DOE, MARY DOE, JOHN DOE, and JAMES DOE, | § § § § § | No. 1:24-cv-00270-DAE (Consolidated) |
| *Plaintiffs*, | § § | |
| v. | § § | |
| GREGORY ABBOTT, in his official capacity as Governor of Texas, ET AL., | § § § § § | |
| *Defendants*. | § | |

1

ORDER

Before the Court are the above-styled consolidated cases. On June 17, 2025, the Court held a status conference concerning case management of these actions. The Court hereby **STAYS** the lead case, Las Americas Immigrant Advocacy Center v. Martin ("Las Americas"), 1:23-cv-1537.[1]

A stay of a pending matter is "within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." In re Ramu Corp., 903 F.2d 312, 318 (5th Cir. 1990). This authority stems from a district court's inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

Moreover, "[a]s a general rule the effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal." Thomas v. Capital Sec. Servs., Inc., 812 F.2d 984, 987 (5th Cir. 1987). Although an appeal from an interlocutory order does not completely divest the district court of jurisdiction, it does so over the "aspects of

---

[1] The stay in La Union Del Pueblo Entero v. Abbott, 1:24-cv-270, was lifted only temporarily for purposes of consolidation and remains in effect. (1:24-cv-270, Dkt. # 35.) That case also remains administratively closed per the Court's April 4, 2025 Order. (Id.)

the case on appeal." Alice L. v. Dusek, 492 F.3d 563, 565 (5th Cir. 2007) (per curiam).

As the preliminary injunction order issued in Las Americas remains on appeal, the Court hereby **STAYS** all deadlines and proceedings in Las Americas. Any party may move to lift the stay at any time. The stay shall expire 30 days after issuance of any mandate to this Court from the appeal of the preliminary injunction order.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, June 24, 2025.

_____
David Alan Ezra
Senior United States District Judge